UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARJORIE GRABERT                                                          CIVIL ACTION

VERSUS                                                                         NO.03-0382

NEW PALACE CASINO, LLC.                                           SECTION "K" (2)

## ORDER

Before the Court is defendant's Motion For Summary Judgment F. R. Civ. P. Rule 56 (Rec. Doc. 30). Having reviewed the record, memoranda, exhibits, the DVD of the accident, and the relevant law, the Court founds merit in defendant's motion.

## FACTUAL BACKGROUND

Marjorie Grabert was seventy-two years old when this accident occurred on May 29, 2002 at the New Palace Casino Resort, located in Biloxi, Mississippi. Ms. Grabert had been playing the slot machines in this casino and then went to lunch. After lunch she saw a slot machine that she said "kind of looked good to me." *See* deft's Exh. 1 (depo. of plaintiff) at 36. She tested the machine by placing two quarters in it and it paid twenty quarters. She was standing up during this period. She then decided to continue playing the machine and went to sit down on her stool. The accident occurred during the process of attempting to sit on the stool. The plaintiff described the stool "went up some kind of way, and down I went on my back." *Id*.

1

at 37. The stool had no back and this was the first occasion for her to sit on this stool; however, she had sat on an exact type of stool while playing the slot machines in the morning. Ms. Grabert testified that she could feel the stool with the back of her legs and had not looked down at it when she was attempting to sit on it. *Id*. at 58. Therefore, Ms. Grabert did not look at the stool either before or after her fall.

The exact stool has not been produced to the plaintiff, and the defendant does not know precisely where the stool is located. The stool was the same model as a number of other stools in the casino and had been there at least eight years prior to the time of the accident. The defendant acknowledges that many of the seat cushions were worn and uneven as a result of people sitting on then a number of years. *See* P's Exh. 2 (depo. of Keith Crosby) at 9-10.

Ms. Grabert filed suit on February 7, 2003 in this Court against New Palace for its negligence in failing to ensure that the stool was secure, balanced, and properly installed. The plaintiff also asserted negligence for defendant's failure to ensure the stool was the proper type and size for patrons at the slot machine and its failure to inspect for unsafe conditions. *See* Complaint Rec. Doc. 1 at ¶ 6. Plaintiff states that as a proximate result of defendant's negligence, she suffers physical and emotional injury. *Id*. at ¶ 7.

## **LEGAL STANDARD**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson*, 477 U.S. at 255. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

**ANALYSIS**

*A. Choice of Law*

Neither the plaintiff nor the defendant graced the Court with a choice of law analysis.

The defendant provided the Court with the law of Louisiana and Mississippi.  In its memoranda to the Court, the plaintiff provided no case law nor Civil code articles either from Louisiana or Mississippi.   Plaintiff did acknowledge that it is her burden under Mississippi or Louisiana law to provide that the stool presented an "unreasonably dangerous" risk of harm.

Pursuant to La. Civ. Code articles $3515^1$ and $3542^2$, the Court concludes that Mississippi law is the applicable law in this matter, as the predominant contacts are with the state of Mississippi, the injuries were in the state of Mississippi, and the policies of Mississippi as to liability of businesses located in that state persuade the Court that Mississippi law should apply.

*B. Mississippi's Law on Negligence*

Under Mississippi, in order for a plaintiff to recover in a claim of negligence in a premises liability action, she must

---

[1] La. Civ. Code 3515 provides: "Except as otherwise provided in this Book, an issue in a casehaving contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state."

[2] La. Civ. Code art. 3542 provides: "Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts."

> (1) show the defendants' own negligence created a dangerous condition which caused the plaintiff's injury; or, (2) show that defendants had actual knowledge of a condition which they did not cause, but failed to warn plaintiff of the danger she faced as an invitee; or, (3) show that, based upon the passage of time, defendants should have known of the dangerous condition. *Id.* In *Douglas v. Great Atlantic & Pac. Tea Co.,* 405 So.2d 107, 111 (Miss.1981), the court concluded that under Mississippi premises liability law, if the plaintiff can not show that the condition, allegedly causing injury was due to the action or inaction of the premises owner or operator, then actual or constructive knowledge must be shown in order to prevail at trial. To establish constructive knowledge, proof must be shown that the dangerous condition existed for such a length of time that the defendants should have known about it. *Sears Roebuck & Co. v. Tisdale,* 185 So.2d 916, 917 (Miss.1966).

*Young v. Wendy's Intern., Inc*. 840 So.2d 782, 784 (Miss.App.,2003)

Regarding the sufficient evidence to establish causation, the Mississippi Supreme Court held the following:

> Citing our prior holdings in slip and fall cases and the language of the Fifth Circuit Court of Appeals in asbestos litigation, Herrington contends circumstantial evidence is sufficient to establish causation. Circumstantial evidence consists of "evidence of a fact, or a set of facts, from which the existence of another fact may reasonably be inferred." *Hardy v. K Mart Corp.,* 669 So.2d 34, 38 (Miss.1996)( *quoting Mississippi Winn-Dixie Supermarkets v. Hughes,* 247 Miss. 575, 585, 156 So.2d 734, 736 (1963)). However, the circumstantial evidence must be such that it creates a legitimate inference that places it beyond conjecture. *Hardy,* 669 So.2d at 38.

*Herrington v. Leaf River Forest Products, Inc*. 733 So.2d 774, 777 (Miss.,1999).  Moreover, the plaintiff has the burden of proof on the issue of causation and must introduce evidence which affords a reasonable basis of the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.  A mere possibility of such is not enough.  *Id*. (*citing Burnham v. Tabb*, 508 So.2d 1072, 1074 (Miss.1987).

Moreover, the Mississippi Supreme Court has stated the following:

> Thus, we have repeatedly held the owner of premises:
> (1) is not an insurer of the invitee's safety,
> (2) has only a duty to keep the premises reasonably safe, *and*
> (3) *when not reasonably safe* to warn only where there is hidden danger or peril that is

> not             in plain and open view. (Emphasis added).
> The duty of the proprietor is to "eradicate the known dangerous situation within a reasonable time *or* to exercise reasonable diligence in warning those who were likely to be injured because of the danger." (Emphasis added) *J.C. Penney Co. v. Sumrall,* 318 So.2d 829, 832 (Miss.1975). We held in *Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293, 295 (Miss.1988), that the owner "owes a duty to an invitee to exercise reasonable care to keep the premises in a *reasonably safe condition,*" and if the owner is aware of a " *dangerous* condition not readily apparent to the invitee, he is under a duty to warn the invitee of the condition." (Emphasis added) Also, *Waller v. Dixieland Food Stores, Inc.,* 492 So.2d 283 (Miss.1986); *Wilson v. Allday,* 487 So.2d 793 (Miss.1986).

*Caruso v. Picayune Pizza Hut, Inc*. 598 So.2d 770, 773 (Miss.,1992)

Although the specific stool is not available, plaintiff has presented to the Court an exemplar stool which shows that the cushion is worn and uneven. Plaintiff claims the stool may have been intentionally disposed of by the defendant. After reviewing the depositions, the Court finds that this is highly unlikely and there is not sufficient evidence on this issue to create a genuine issue of material fact. Additionally, the plaintiff produced the deposition of employees of the defendant who acknowledged that the cushions and many of the stools were uneven, but did not acknowledge that this created a "dangerous condition." This is the extent of plaintiff's presentation. As stated, no cases were cited nor was any expert report provided directed as to whether the stool was unreasonably dangerous and was a cause in fact of the result.

Applying Mississippi law to the summary judgment standard and the facts presented, the Court finds that plaintiff has not presented sufficient evidence to create a genuine issue of material fact that the stool was unreasonably dangerous. Moreover, if there were a dangerous condition, it would have been open and obvious to the plaintiff had the plaintiff looked at the stool, prior to her sitting in it. The plaintiff did not look at the stool, but felt it with the back of her legs as she attempted to sit in it. It appears from the DVD that she simply did not position herself in the center of the stool, but sat on the edge of the stool. Notwithstanding that, there is

no sufficient proof that this stool was unreasonably dangerous to create a genuine issue of material of fact.  Morever, the plaintiff has not produced sufficient evidence to show that the alleged dangerous condition was the cause in fact of her fall.  As noted under Mississippi law, an invitee is not an insurer of its patron and a mere possibility is not enough to show causation.  The Court also notes that the plaintiff has not provided sufficient evidence that defendant knew that the chairs were dangerous.  The mere fact that the cushions were uneven does not necessarily make the stools dangerous without any evidence of additional accidents, expert testimony, and other similar evidence.

Accordingly,

**IT IS ORDERED** that defendant's Motion For Summary Judgment F. R. Civ. P. Rule 56 (Rec. Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Judgment will be entered in this case.

New Orleans, Louisiana, this   26th   day of August, 2005.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**